The STATE of Ohio, Appellee,

v.

INGHRAM, Appellant.

[Cite as *State v. Inghram* (2000), 139 Ohio App.3d 577.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77293.

Decided Aug. 14, 2000.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *John R. Mitchell,* Assistant Prosecuting Attorney, for appellee.

*Malek, Pfundstein & Dean, LLC,* and *Nate N. Malek,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the Cuyahoga County Court of Common Pleas, the briefs, and the oral arguments of counsel.

Defendant Nicholas Inghram appeals from the four-year sentence imposed upon him for felonious assault, raising two assignments of error:

"I. Defendant–appellant contends that the trial court erred by imposing upon the appellant a sentence that is contrary to R.C. 2929.14(B) and related provisions.

"II. Defendant–appellant contends that the trial court erred by excluding a term of community control sanctions as a possible sentence."

We agree with appellant that the record does not reflect the findings necessary for the court to have departed from the statutory presumption in favor of imposing the shortest prison term authorized for the offense; therefore, we vacate the sentence and remand for resentencing.

## PROCEDURAL HISTORY

Appellant was charged with attempted murder and felonious assault in an indictment filed June 1, 1999. He entered a guilty plea to the felonious assault charge. The charge of attempted murder was nolled. A subsequent motion to vacate the guilty plea was denied.

The sentencing hearing was held on November 16, 1999. After hearing argument from defendant's counsel and statements by the defendant, his father, and the father of the victim, the court made the following findings on the record:

"The Court would note the tragedy on both sides of this case. Clearly, the Court is extremely apathetic [*sic*] with the Farmer family [family of the victim] and the amount of suffering the victim himself and the family have gone through.

"The Court also notes that whatever this Court does this morning will have a substantial and permanent effect on Mr. Inghram and his family.

"Despite the inconsistencies, there has been a consistent indication of remorse upon Mr. Inghram's part, as well. However, the Court notes as follows. What

this felony of the second degree carries with it has been noted, the presumption of incarceration.

"The Court cannot ignore the barbarity of the injury and circumstances attended to it, and it will, therefore, be the sentence of this Court the defendant, Nick Inghram, serve four years at the Lorain Correctional Institute and that he make full restitution to the victim in this case."

The day after the sentencing hearing, on November 17, 1999, the court entered the following written findings:

"Relative to the sentencing of the above defendant, the Court herewith makes the following findings:

"(1) That the Defendant voluntarily and intelligently entered a plea of 'guilty' to the offense of Felonious Assault in violation of Ohio Revised Code S2903.11, a felony of the 2nd degree;

"(2) That Ohio Revised Code S2929.13(D) presumes in favor of incarceration;

"(3) That the victim in the instant case suffered extremely serious physical, psychological and economic harm;

"(4) That although the Defendant has indicated remorse, he has done so in ways that are factually inconsistent with each other, and which blame the victim for his injuries;

"(5) That the offender has made statements to the Court, taken through the probation department, and in open court and under oath, that are factually inconsistent."

Based on these findings, the court concluded:

"(A) That a non-prison sanction would inadequately punish the act; and,

"(B) A non-prison sanction would demean the seriousness of the offense.

"Therefore, the presumption of incarceration must obtain and the Defendant is sentenced; after full hearing, as follows:

"To the Lorain Correctional Institution for four (4) years; to make full restitution to the victim, as the full balance shall become known and calculated by the probation department; to such post-release controls by the adult Parole Authority consistent with law."

## LAW AND ANALYSIS

R.C. 2953.08(G)(1) allows an appellate court to modify a sentence or to vacate the sentence and remand the matter to the trial court for resentencing if the court "clearly and convincingly finds" that the record does not support the sentence or that the sentence is otherwise contrary to law. The decision to

modify or vacate is discretionary with the court of appeals. *State v. Assad* (June 11, 1998), Cuyahoga App. Nos. 72648 and 72649, unreported, 1998 WL 308109. "R.C. 2953.08(G) does not compel an appellate court to disturb a trial court's decision with regard to a sentence." *State v. Russell* (Mar. 23, 2000), Cuyahoga App. No. 75748, unreported, at 11, 2000 WL 301006.

The first assignment of error contends that the court improperly sentenced appellant to four years' incarceration rather than the shortest authorized term of imprisonment, as required by R.C. 2929.14(B).

The trial court correctly noted that there was a presumption in favor of imposition of a term of imprisonment upon appellant under R.C. 2929.13(D) because he was convicted of a second–degree felony. R.C. 2929.14(A) provides that the prison term for a second–degree felony shall be a definite term of two to eight years. Subsection (B) then provides:

"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

The Ohio Supreme Court has construed the phrase "finds on the record" to require that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133.

The record here simply does not show that the trial court found that imposition of the minimum sentence of imprisonment would demean the seriousness of the appellant's conduct or would not adequately protect the public from future crime. The court addressed these issues in rejecting appellant's request for community control sanctions, but the record does not demonstrate that the court engaged in the analysis and varied from the minimum sentence of imprisonment for at least one of the two stated statutory reasons. *Edmonson,* 86 Ohio St.3d at 326, 715 N.E.2d at 133–134. Therefore, we sustain the first assignment of error. We clearly and convincingly find that the record does not support the sentence, and we vacate the trial court's judgment and remand for resentencing.

We need not address the second assignment of error, which has been rendered moot by our disposition of the first assignment of error.

*Sentence vacated
and cause remanded.*

TIMOTHY E. MCMONAGLE, P.J., and PATTON, J., concur.