On this appeal from a judgment and sentence of Visiting Judge William E. Mahon, I concur with the majority opinion in all respects except assignment of error four, from which I dissent. Not only does the majority opinion fail to require a judge's reasons to be related to specific findings made at sentencing, the judge's restatement of the facts does not qualify as a statement of reasons here.
R.C. 2929.19(B)(2)(c), (d), and (e) require a judge to state his reasons for imposing maximum and consecutive sentences. When he reconvened to explain the reasons, the judge generally stated that he imposed the sentences because the victims were all young children, who were the biological children of the defendant, and that these incidents happened over a lengthy period of time. He then recited the statutory findings necessary to impose a maximum prison term — although none of the offenses were specified — and consecutive prison terms. He failed, however, to relate his general reasoning to any single finding, and thus failed to make a finding that gives [his] reasons as required under R.C. 2929.19(B)(2).
Although the same reason or reasons might be sufficient to support each finding, the judge must give some indication that he intends particular reasons to support the separate findings. A general reason followed by a list of statutory findings defeats the purpose of requiring reasons in support of findings — without relating a reason to any particular finding, one cannot determine that each finding was separately considered and addressed.[1]
Furthermore, even though reasons are defined as statements of fact and analysis which support the legal conclusions that constitute findings or the explanation for selecting a particular sentence because of the existence of certain facts * * *,[2] the majority cites the judge's reiteration of the facts as reasons, even though it includes no analysis or explanation. Even if the reiteration of the basic facts could be applied without difficulty to support a worst form of the offense finding, I cannot agree that the same, bare restatement of the facts also constitutes reasons for the more detailed findings needed to support consecutive sentences under R.C. 2929.14(E)(4). Not only does the judge's statement fail to explain how the stated facts are related to those findings, this recitation of facts does not satisfy the requirement of reasons.[3]
I would sustain the fourth assignment of error, vacate the sentence, and remand for re-sentencing.
[1] See, e.g., State v. Givner (July 5, 2001), Cuyahoga App. No. 78625, unreported; see, also, State v. Inghram (2000), 139 Ohio App.3d 577,744 N.E.2d 1233 (finding that community control would demean seriousness of offense does not qualify as finding defeating minimum prison term under R.C. 2929.14(B)).
[2] (Emphasis added.) Griffin and Katz, Ohio Felony Sentencing Law (2000 Ed.), 371-372, Section T-1.20.
[3] Givner, supra; State v. Gonzalez (Mar. 15, 2001), Cuyahoga App. No. 77338, unreported; State v. Colon (Aug. 9, 2001), Cuyahoga App. No. 77779, unreported.